## HARWELL v. CHOWNING.

No. 9180—Opinion Filed Sept. 10, 1918.

(175 Pac. 114.)

(Syllabus.)

1. **Justices of the Peace—County Court—Jurisdiction—"Title to Land."**

The title of land is not in dispute or called in question in an action by the holder of a promissory note given for rent of the land, where the sole question to be determined by the court is whether or not the maker of the note enjoyed possession of the land rented by him for and during his term of rental, in accordance with a condition attached to the note and made a part thereof by the maker to the effect that the note should be payable only in the event that he did enjoy possession of the land, and a county court has jurisdiction of such a cause on appeal from the court of a justice of the peace.

2. **Bills and Notes—Action — Evidence.**

The evidence in this case examined and held sufficient to support the judgment.

Error from County Court, Carter County; Thos. W. Champion, Judge.

Action by R. H. Chowning against W. P. Harwell. Judgment for plaintiff before a justice was affirmed in the county court, and defendant brings error. Affirmed.

Ledbetter & Adams, for plaintiff in error.

Potterf, Gray & Disney, for defendant in error.

TISINGER, J. This is an action appealed to the county court of Carter county from a judgment rendered in the court of a justice of the peace of Ardmore township in favor of the defendant in error, as plaintiff,

against the plaintiff in error, as defendant. The trial of the case in county court again resulted in a judgment for the plaintiff, and the defendant appeals to this court.

The suit was for the recovery of a money judgment on a promissory note given by the defendant for the rent of certain lands. The note was given to F. L. Coffland, who, before its maturity, by his duly authorized agent, transferred the note to plaintiff. Attached to the note, which was otherwise negotiable, was the following written condition:

"This note is payable only in the event maker hereof enjoys possession of land in section 22, township 4 south, range 4 west, as this note is given as rent therefor."

After the case was appealed to the county court defendant filed his written answer to plaintiff's bill of particulars, in which he admitted the execution of the promissory note, but alleged that he executed the same on the express condition that he enjoy possession of the land, as shown by the written condition attached to the note. He further alleged that F. L. Coffland, the payee of the note, rented the land to him for the year 1914, and at the time the rental contract was made and the note executed represented to him that he had title to the land and a lawful right to make the rental contract, which representations the defendant alleges were untrue. He further alleges that some time in the early part of 1914, he was notified by R. H. Chowning that he was the owner of the land, and that he (Chowning) would hold the defendant liable for the rents; that upon receiving this notice he refused to carry out the contract made with Coffland and abandoned the land, notwithstanding the fact that he had already sowed about 20 acres of it in oats. Defendant further alleges that he was unable to say whether R. H. Chowning was the owner of the land or not at the time he notified the defendant that he owned it, but that Coffland, with whom the contract was made, did not have title to it. Because of the allegations contained in his answer regarding the title to the land rented by him, defendant alleged that the county court was without jurisdiction to try the cause; and this is one of the propositions upon which he relies in this court.

As we view the case, the issues made by the pleadings and the evidence did not involve a "matter wherein the title or boundaries of the land may be in dispute or called in question," as contemplated by that provision of section 12, art. 7, of the Constitu-

tion, prohibiting the county court from exercising jurisdiction in such an action. The sole question for determination by the trial court was whether or not the defendant enjoyed possession of the land rented by him for the year it was rented and for the rent of which the promissory note sued on was given. And this is the question determined by the trial court. Only one person. Chowning, claimed the rent, and the title to the land rented by the defendant was not in dispute. or called in question in so far as a correct determination of the issues in this case are concerned. Loeb v. Loeb, 24 Okla. 384, 103 Pac. 570.

It is true that the defendant alleges in his answer that, when the plaintiff informed him that he was the owner of the land and would hold him liable for the rents. he refused to carry out the contract made with Coffland the original payee of the note, and abandoned the land; and the statement made by his attorney as to what he would testify had he been present at the trial, which by consent was accepted as his evidence in the case, is to the same effect.

But the overwhelming weight of the evidence is to the effect that Coffland transferred the note to Chowning some time in February of the year after the note was given in November; that it was transferred during defendant's occupancy of the land as tenant; that the defendant was notified of the transfer and that settlement had been made between Coffland and Chowning as to the title to the land; that he continued to use, occupy and enjoy the land after that time and until the end of the year, the plaintiff furnishing him. at his request, with some wire fencing with which to repair the fences around a portion of the land; and that he even entered into negotiations with the plaintiff for the purpose of renting the land from him for the following year.

The case was tried to the court, a jury having been waived by both parties. and judgment was rendered in favor of the plaintiff and against the defendant for the full amount due on the promissory note. The evidence was sufficient to authorize the judgment, and we can see no legal reason why it should now be disturbed.

The judgment of the trial court is therefore affirmed.

All the Justices concur